IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK L. BRIGGS, <br><br>Petitioner, <br><br>VS. <br><br>RICK THALER, Director <br>Texas Department of Criminal Justice, <br>Correctional Institutions Division <br><br>Respondent. | § § § § § § § § § § § | NO. 3-12-CV-1263-N-BD |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Derek L. Briggs, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed without prejudice for failure to exhaust state remedies.

I.

In 2009, petitioner was sentenced to six years probation following his conviction for unauthorized use of a motor vehicle. While on probation, petitioner was convicted of harassment by a person in a correctional facility. As a consequence of that conviction, his probation was revoked and petitioner was sentenced to 10 years confinement. His probation revocation and harassment conviction were affirmed on direct appeal. *Briggs v. State*, Nos. 05-10-01213-CR & 05-10-01672-CR, 2011 WL 4552534 (Tex. App. -- Dallas, Oct. 4, 2011). The Texas Court of Criminal Appeals dismissed an application for state post-conviction relief because it was filed while a direct appeal was pending. *Ex parte Briggs*, WR-77,063-01 (Tex. Crim. App. Mar. 7, 2012). Petitioner then filed this action in federal district court.

## II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

Petitioner did not seek discretionary review in the Texas Court of Criminal Appeals after his probation revocation and harassment conviction were affirmed on direct appeal. An application for state post-conviction relief, which was filed before the state appeals court issued its mandate on December 23, 2011, was dismissed due to the pending appeal. Because petitioner has not presented his claims to the highest available state court in a procedurally correct manner, he has failed to exhaust his state remedies. *See, e.g. Kelly v. Quarterman*, 260 Fed.Appx. 629, 630-31, 2007 WL 4467578 at *1-2 (5th Cir. Dec. 20, 2007) (state writ filed before appeals court issues mandate is not "properly filed"); *Turner v. Quarterman*, No. 4-06-CV-0079-Y, 2006 WL 2321693 at *2 (N.D. Tex. Aug. 10, 2006) (dismissing federal habeas petition as unexhausted where state writ was dismissed because direct appeal was pending).

## RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE